# N. Y. COMMON PLEAS.

ISIDORE WORMSER and another agt. ISAIAS MEYER.

*Partnership in real estate — what constitutes — share in profits and losses —*
*no writing necessary.*

Persons may be copartners between themselves to speculate in real estate
the same as in any other property, and no writing nor payment is neces-
sary, but the agreement to share the profits and losses is a good con-
sideration and makes such contract legal.

One member of a firm, instituted for the purpose of trading in lands, has
a right to purchase real estate for the firm, and to bind all the members
for the payment of the consideration-money.

A parol agreement by the defendant, to take a share in the plaintiffs'
interest in the lots purchased, is valid and binding, although the only
consideration passing from the defendant to the plaintiffs for such
share, or his right to take it, was his obligation to share in the losses.
Upon such an agreement the plaintiffs may maintain an action against
the defendant to recover his share of the losses in the adventure.

*Special Term, October,* 1877.

*Before* FREEDMAN, *J.*

THE plaintiffs are bankers in this city, and they had
numerous speculative transactions in real estate on joint
account with the defendant, Meyer. Some of these trans-
actions made a profit, which was divided, and Meyer took
his share; but a large decline in real estate took place, and
among other parcels owned by the parties were two parcels
of lots for which Meyer had not paid any thing, but the
whole money was paid by the Wormsers, under Meyer's
agreement to pay them. There was no writing between the
parties, and Meyer refused to pay, and defended denying the
agreement to pay, or that he had any interest in the lots, and

because the statute of frauds requires that a transfer of any interest in land shall be in writing, otherwise it shall be void. The plaintiffs alleged that he was a copartner with them, and that such a copartnership could be formed to speculate in real estate the same as in merchandise, and that in such a case no writing is necessary.

*D. M. Porter,* for plaintiffs, argued the following points:

"A partnership may exist between dealers and speculators in real estate for the purpose of buying and selling lands.

" It seems it is not necessary to the existence of such a partnership that it be evidenced by a written agreement signed by the partners; it may be created by parol.

" Partnerships in real estate transactions are governed by the same rules as are commercial and other copartnerships, save as modified by the rules of law in reference to the conveyance and transmission of real estate (*Olcott* agt. *Wing,* 4 *McLean,* 15 ; *Dale* agt. *Hamilton,* 5 *Hare,* 369 ; *Burmell* agt. *Taintor,* 4 *Conn.,* 568 ; 1 *Penn. R.,* 147; *Kramer* agt. *Arthur,* 7 *id.,* 166; *Chester* agt. *Dickerson,* 54 *N. Y.,* 1).

"A copartnersnip may be formed to buy and sell land as well as in vendible property. It is an agreement merely to share in the profit and loss of negotiations. The rules for transferring lands may be different from those for the transfer of personal property, but that can make no difference in the result as to profit and loss (*Dudley* agt. *Littlefield,* 21 *Maine,* 421, 422).

" There can be no doubt as to the right of any member of a firm, instituted for the purpose of trading in lands, to purchase real estate for the firm, and to bind all the members for the payment of the consideration-money (*Sage* agt. *Sherman,* 2 *Conn.,* 431, 432; *Williams* agt. *Gillies and others,* 53 *How. Pr. R.,* 429). The parol agreement by the defendant to take a share in the plaintiff's interest in a trading adventure is valid and binding, although the only consideration passing from the defendant to the plaintiff for such share, or

Wormser agt. Meyer.

his right to take it, was the obligation to share in the losses. Upon such an agreement the plaintiff may maintain an action against the defendant to recover contribution for the losses of the adventure.

"The plaintiffs' promise to account to the defendant for one-half of the profit is supported by the obligation incurred by the defendant to share one-half of the losses; and hence it is a case of mutual promises, reciprocally binding." The agreement was not within the clause of the statute of frauds requiring agreements for the sale of goods to be in writing (*Coleman* agt. *Eyre*, 45 *N. Y.*, 38).

In this last case the goods had already been bought and paid for by the plaintiff, and the defendants simply agreed to take an interest in the adventure. The evidence in this case clearly establishes the copartnership, and judgment should be given to the plaintiffs for the amount, with interest and costs.

*L. R. Marsh* and *Mr. Boardman*, for the defendant, cited *Levy* agt. *Brush* (45 *N. Y.*, 589) and *Fairchild et al.* agt. *Fairchild et al.* (64 *id.*, 471).

FREEDMAN, *J.* — Found as facts substantially as follows:

I. That the plaintiffs and the defendant purchased the lot mentioned in the first cause of action in the complaint upon joint account, and the parties to this action agreed between themselves that the plaintiffs should have one-half of the profits and bear one-half of the losses, and the defendant should have one-half of the profits and bear one-half of the losses; and the defendant requested the plaintiffs to advance the whole of the purchase-money, and agreed to repay the plaintiffs one-half part thereof, with such other advances and payments which might be made by the plaintiffs, for or on account of said premises described in the first cause of action, with the interest thereon; and that the plaintiffs have advanced and paid for and on account of the land mentioned in the first cause of

Wormser agt. Meyer.

action under the said agreement, with the accrued interest up to the 3d day of October, 1877, the sum of $8,361.62, and there was due to the plaintiffs from the defendant, on the said 3d day of October, 1877, one-half part thereof, to wit, the sum of $4,180.81.

II. That the plaintiffs and the defendant purchased the lots mentioned in the second cause of action in the complaint upon joint account, and the parties to this action agreed between themselves that the plaintiffs should have two-thirds of the profits and bear two-thirds of the losses, and the defendant should have one-third of the profits and bear one-third of the losses; and the defendant requested the plaintiffs to advance the whole of the purchase-money and agreed to repay the plaintiffs the one-third part thereof, with such other advances and payments which might be made by the plaintiffs for or on account of said premises described in the second cause of action, with the interest thereon; and that the plaintiffs have advanced and paid for and on account of the land mentioned in the second cause of action under said agreement, with the accrued interest up to the 3d day of October, 1877, the sum of $35,322.52, and there was due to the plaintiffs from the defendant, on the said 3d day of October, 1877, one-third part thereof, to wit, the sum of $11,074.17.

III. That the plaintiffs, prior to this action, offered to convey to the defendant one-half of the premises firstly described in the complaint, and one-third of the premises secondly described in the complaint, and requested the defendant to pay the plaintiffs for their said advances and payments so made as aforesaid, which the defendant refused so to do.

IV. That both sums aforesaid, due to the plaintiffs from the defendant aforesaid, on the 3d day of October, 1877, amount to the sum of $15,954.98.

And as conclusion of law: That plaintiffs are entitled to judgment, with costs, and an extra allowance of five per cent on the sum of $15,954.98.

Judgment ordered accordingly.